**Robert BRUNER et al., Appellants,**

**v.**

**CITY OF OWENSBORO, Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

April 25, 1975.

E. Louis Johnson, Ronald L. Presser, Humphreys, Wilson, Johnson & Presser, Owensboro, for appellants.

John W. Beard, Jones, Beard & Harrington, Hugh D. Moore, Moore & Moore, Owensboro, for appellees.

CULLEN, Commissioner.

The appellants, who are employed by the City Utility Commission of the City of Owensboro, brought action against the city, its mayor and commissioners and the City Utility Commission and its members, seeking damages for alleged discrimination and denial of equal protection in that the appellants were not being given the benefits of an ordinance of the city providing incentive and longevity salary increments for "all employees of the city." The appellants alleged that they were in truth and fact employees of the city. The defendants (appellees) moved to dismiss the complaint for failure to state a claim on which relief could be granted, arguing that under the applicable statutes and ordinances the appellants are not employees of the city but are employees of the utility commission, which is a separate corporate body. The circuit court sustained the motion and entered judgment dismissing the complaint, from which judgment we have this appeal.

In KRS 96.530 the employees of a city utility commission, who are hired by the commission and whose compensation and terms of employment are fixed by the commission, are referred to as "its" employees and are distinguished from "city employees." The ordinances of the City of Owensboro providing for its utility commission make the same distinction. We think it is clear from the statute and the ordinances that employees of the utility commission are not employees of the city.

Notwithstanding the reasonably clear provisions of the statute and ordinances, the appellants argue that their complaint should not have been dismissed, because of the rule that a motion to dismiss for failure to state a claim will not be sustained unless the plaintiff could not be entitled to relief under any state of facts which could be proved in support of the claim. The appellants maintain that they might have been able, despite the statute and ordinances, to *prove* that they were in fact employees of the city. The difficulty with their position is that they do not suggest what they conceivably could offer by way of proof to show that they are something different from what the statute and ordinances designate them to be.

The judgment is affirmed.

All concur.